MPR/RCH/EMR
F.#2019R00927

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-                                   STIPULATION & PROTECTIVE ORDER

IVAN REYES ARZATE,                          20-CR-30 (BMC)

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.     This Protective Order governs materials that the government has and continues to produce to defense counsel pursuant to Federal Rule of Criminal Procedure 16(d) and marked as "PROTECTED MATERIAL" pursuant to the Protective Ordered entered by this Court on April 8, 2020 ("Protected Materials").

        2.     Protected Materials specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Materials") shall be treated as if it had been designated as "PROTECTED MATERIAL" with the additional limitations discussed herein.

        3.     Attorneys' Eyes Only Materials may be reviewed only by Defense Counsel and Defense Counsel's Team, as defined in the Protected Order entered by this Court on April 8, 2020.  Attorneys' Eyes Only Material may not be disseminated to or

reviewed by any other person, including the Defendant. Attorneys' Eyes Only Material may be shared with the Defendant under the constraints applicable to Protected Materials two weeks before trial unless the government shows good cause why it should not be shared. If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court on an <u>ex parte</u> basis or otherwise.

    4. Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Protected Material provides insufficient protection to such materials. If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Attorneys' Eyes Only Material. Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

    5. Any documents, material, or information determined to be Attorneys' Eyes Only Material may be so designated by stamping the legend "ATTORNEYS' EYES ONLY" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the

electronic folder in which the file is located, information indicating that the file contains Attorneys' Eyes Only material.

6. The Defendant and Defense Counsel will return to the government the Attorneys' Eyes Only Material and all copies thereof, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

7. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York
November  4 , 2020

SETH D. DUCHARME
Acting United States Attorney
Eastern District of New York

*Mark S. DeMarco*
_____
Mark DeMarco, Esq.
Attorney for Ivan Reyes-Arzate

By: *Ryan C. Harris*
_____
Michael P. Robotti
Ryan C. Harris
Erin M. Reid
Assistant U.S. Attorneys

SO ORDERED.  11/4/20

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK