

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN:RCH/PP
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 1, 2022

**TO BE FILED UNDER SEAL**

By Hand and ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Ivan Reyes Arzate
                  Criminal Docket No. 20-030 (BMC)

Dear Judge Cogan:

        The government respectfully submits this sentencing letter in advance of the defendant's sentencing. On October 19, 2021, the defendant pled guilty to the lesser included offense of Count One of the Indictment charging him with international cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 963, 960(b)(1)(B)(ii) and 959(d). For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 10 years' imprisonment.

    I.    <u>Background</u>

        As set forth in the Presentence Report ("PSR"), Mexican Sensitive Investigative Units ("SIUs") are comprised of U.S.-vetted Mexican Federal Police personnel working with the United States government to combat narcotics trafficking, money laundering, and other criminal activities. SIU officers receive direct training from the Drug Enforcement Administration ("DEA") and the Department of Justice. These vetted police officers are trusted to work with U.S. law enforcement personnel on investigations into, among other things, Mexican drugs cartels. U.S. law enforcement agencies also routinely share sensitive information with SIU personnel so that the U.S. and Mexican governments can work collaboratively to investigate and prosecute drug traffickers. Drug traffickers targeted by these operations are often arrested in Mexico and extradited to the United States for prosecution. See PSR ¶ 5.

        Between 2003 and 2016, the defendant was a Mexican Federal Police Officer assigned to SIU. Between 2008 and 2016, he was the SIU Commander, making him its highest-

1

ranking officer. In that role, the defendant was the principal point of contact for information sharing between U.S. and Mexican law enforcement personnel assigned to the SIU. He routinely had contact with and worked collaboratively with DEA agents in Mexico City to target drug traffickers working for Mexico's most dangerous cartels. See PSR ¶¶ 4-6.

During the relevant time, El Seguimiento 39 was a sophisticated drug trafficking organization with a vast cocaine distribution network stretching from Colombia to the United States, including New York City. The cartel obtained cocaine from sources of supply in South and Central America and used drug transportation cells in Central America to transport cocaine into Mexico via boats, aircraft, and commercial vehicles. From Mexico, the cartel's transportation network moved cocaine across the U.S.-Mexico border at ports of entry in Texas and California and then into cities throughout the United States. To date, law enforcement officers have seized thousands of kilograms of cocaine and millions of dollars in drug-related proceeds connected to El Seguimiento 39. El Seguimiento 39 bribed police officers to further its drug trafficking activities. See PSR ¶¶ 7-8.

In 2016, in his role as SIU Commander, the defendant became aware of a pending DEA investigation into El Seguimiento 39. Shortly thereafter, the defendant personally met with leaders of the cartel, shared information with them about the U.S. investigation and accepted a $290,000 bribe in exchange for his assistance and the assistance of other corrupt officials. The defendant was fired from SIU the following day. See PSR ¶ 9, 27.

On March 27, 2017, the defendant made his initial appearance in the Northern District of Illinois on a complaint and arrest warrant issued on February 10, 2017. On July 27, 2017, a grand jury in the Northern District of Illinois returned an indictment charging the defendant with obstruction of justice conspiracy and obstruction of justice, both in violation of 18 U.S.C. § 1512(c)(2). See United States v. Reyes-Azarte, 17-CR-84 (N.D. Il.). In 2018, the defendant pled nolo contendere to those charges. The court sentenced him to 40 months' imprisonment. The defendant was scheduled to be released from custody on January 27, 2020, and deported to Mexico soon thereafter. The charges in the Northern District Illinois case also stemmed from the defendant's corrupt activities on behalf of El Seguimiento 39.

On January 23, 2020, a grand jury in this district returned an indictment charging the defendant with cocaine distribution conspiracy, cocaine importation conspiracy and international cocaine distribution conspiracy. The defendant was arrested prior to his release from federal custody in connection with his prosecution in the Northern District of Illinois. The defendant has been in custody since his arrest in 2017.

On October 19, 2021, the defendant pled guilty before this Court to the lesser included offense Count One of the indictment, charging him with international cocaine distribution conspiracy. As part of his plea agreement, the defendant stipulated that he is responsible for conspiring to import more than 450 kilograms of cocaine.

II.    Sentencing Guidelines

The government agrees with the Guidelines calculation set forth in the PSR, and submits that this Guidelines calculation should be applied:

Base Offense Level (§§ 2D1.1(a)(5) & (c)(1)))                                                         38

| | | |
|---|---|---:|
| Plus: | Defendant Bribed or Attempted to Bribe Law Enforcement Officer ((§ 2D1.1(b)(11)) | +2 |
| Plus: | Defendant Abused Position of Trust ((§ 3B1.3) | +2 |
| Minus: | Acceptance of Responsibility (§ 3E1.1) | -3 |
| Total: | | <u>39</u> |

See PSR ¶¶ 15-25.  The total Offense Level for Count One is 39, which, based on a Criminal History Category of I, carries a Guidelines range of 262-327 months in custody.  This calculation differs from the government's initial estimate as set forth in the plea agreement, which erroneously did not include the two-point enhancement for abuse of position of trust.  The government submits that the U.S. Probation Department's Guidelines Calculation is correct and should be applied in this case.  The defendant is subject to a five-year mandatory minimum sentence of incarceration.

III.   <u>A Sentence of 10 Years' Imprisonment is Appropriate</u>

The government respectfully submits that a sentence of 10 years' imprisonment is sufficient but not greater than necessary based on the facts of this case.

The nature and circumstances of the instant offense are inherently serious and support a significant sentence.  <u>See</u> 18 U.S.C. § 3553(a)(1).  The defendant was the SIU's highest-ranking officer and was the principal point of contact for information sharing between U.S. and Mexican law enforcement personnel assigned to the SIU.  Instead of upholding the rule of law and working with U.S. law enforcement to combat the trafficking of drugs into the United States, the defendant accepted a $290,000 bribe from El Seguimiento 39 in exchange for his assistance and the assistance of other corrupt officials.  Although the defendant's conduct with respect to El Seguimiento 39 was limited because he was fired from SIU shortly after he accepted this bribe, a significant sentence is warranted for this serious and corrupt conduct.

The defendant's personal circumstances also support a significant sentence.  Unlike some members of drug trafficking conspiracies who are often recruited in Mexico under difficult personal and financial situations, the defendant committed this offense solely for financial gain even though he enjoyed a stable upbringing in Mexico, received a college degree in law, and was employed as a high-ranking police officer in a highly sensitive position.  Simply put, the defendant chose greed and corruption over the well-being of the citizens of Mexico and the United States.

Although the risk of the defendant reoffending is likely low given that he will not regain his position of trust after he returns to Mexico, a significant sentence will serve as general deterrence for this serious conduct.  <u>See</u> 18 U.S.C. § 3553(b)(2)(B).  As this Court is aware, it is far too common for law enforcement officers in Mexico to corruptly forge alliances with cartels which send large quantities of drugs to the United States and routinely commit horrendous acts of violence.  A significant sentence will demonstrate that the United States remains committed to rooting out corruption, wherever it exists, and preventing drug cartels from sending massive quantities of drugs into the United States.

The defendant submits that a mandatory-minimum sentence of five years' imprisonment is sufficient in this case for several reasons, including because a lengthier sentence would create unwarranted sentencing disparities with other cases of corrupt officials. (Def.'s Letter at 12.) Although the defendant cites three cases in support of his argument, the government submits that a sentence of 10 years' imprisonment – far below the Guidelines range – would not create unwarranted sentencing disparities, while still accounting for the defendant's relative culpability in the drug trafficking conspiracy. For example, a former member of the Honduran National Police was sentenced last year in the Southern District of New York to 12 years' imprisonment for conspiring to import cocaine into the United States when he worked with a drug trafficking organization by engaging in drug trafficking, money laundering, sanctions evasion, and debt collection. See United States v. Juan Manuel Avila Meza, 15-CR-174 (LGS) (S.D.N.Y.). In that case, although the defendant stipulated to possession of a weapon under U.S.S.G. § 2D1.1(b)(1), he faced a Guidelines range of 210 to 262 months' imprisonment, significantly shorter than the defendant's Guidelines range in this case. Several co-defendants in that case, also law enforcement officers in Honduras, received sentences from five to 14 years' imprisonment.

Although the defendant does not explicitly request that the Court consider his 40-month sentence stemming from the case in U.S. District Court for the Northern District of Illinois in determining the sentence in this case, the defendant states that "the charged conduct [in Illinois] is part of the instant offense and Mr. Reyes has been incarcerated since surrendering in Chicago on March 27, 2017." (Def.'s Letter at 13 n.7.) The government concurs with this statement and submits that the Court can, in its discretion, consider the defendant's sentence imposed in the Northern District of Illinois in determining the appropriate sentence in this case. See U.S.S.G. § 5K2.23 (providing that a downward departure may be appropriate where a defendant has completed serving a term of imprisonment resulting from another offense that is relevant conduct to the instant offense of conviction).



4



5

V.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 10 years' imprisonment.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   _____/s/_____
Ryan C. Harris
Philip Pilmar
Assistant U.S. Attorneys
(718) 254-6489/6106

cc: Clerk of the Court (BMC) (By ECF)
Counsel of Record (By ECF and E-mail)
U.S. Probation Officer Frank Nikolaidis (By E-mail)